·MONTE FREUND v. ANNA CONA.

Decided May 17, 1927.

**Contract—Judgment on Check Made by Defendant to Plaintiff— Defendant Alleged Lack of Consideration—Neither Defendant Nor Counsel Were Present When Trial was Moved— Case Tried Ex Parte—Rule to Show Cause Why Case Should Not be Reopened, Denied—Upon Appeal All Grounds For Reversal Considered and Judgment Affirmed.**

On appeal from the Essex Circuit Court.

Before GUMMERE, CHIEF JUSTICE, and Justice TRENCHARD.

For the appellant, *Joseph C. Cassini.*

For the respondent, *Michael J. Quigley.*

PER CURIAM.

This action was brought by Freund, the plaintiff, to recover from the defendant the sum of $1,000, claimed to be due upon a check for that amount made by her to his order. The defendant in due course filed an answer setting up that the check sued upon was made without consideration. The case was listed for trial at the April term, 1926, and was reached on the call of the calendar on the 10th of June, and its trial moved by the plaintiff's attorney. Neither the defendant nor her attorney was present when the case was moved, and it was, therefore, tried *ex parte.* The trial resulted in a verdict in favor of the plaintiff, and judgment was entered thereon. After the entry of the judgment, and on the application of the defendant, a rule was allowed requiring the plaintiff to show cause why the judgment should not be opened and the defendant permitted to interpose a defense. This rule, upon the hearing had thereon, was discharged. The defendant thereupon took the present appeal.

The first ground of attack upon this judgment is that it was "entered by default" and in violation of defendant's legal rights. This contention is manifestly without merit. As has already been stated, it appears from the record of the judgment that it was entered on the verdict of a jury; and that the only "default" was that of the defendant in failing to appear when the case was called.

Next, it is contended that the judgment under review was entered against the defendant by surprise, and that, for this reason, it should be reversed. In support of this claim counsel asserts that he was absent from court because of sickness; but it does not appear that the fact was brought to the attention of the court when the case was moved, and it was because of his failure to see that this was done, coupled with his failure to be present personally, or, if he was unable to attend, then his failure to have another attorney there to represent him and move a postponement, that the case was tried *ex parte*. His own dereliction in the performance of the duty that he owed to his client constitutes no ground for reversing the judgment. Moreover, if the facts recited constitute a sufficient excuse for the failure both of his client and himself, or a representative, to attend when the caused was moved, this constitutes no grounds for an appeal. The remedy is an application to the court in which the judgment was entered to vacate it and grant leave to file an answer upon presenting to the court facts from which it would appear that there was a meritorious defense. *Waller* v. *Keuthe*, 98 *N. J. L.* 823. The course pursued by counsel for the appellant indicates his appreciation of this fact.

The only other grounds for reversal argued before us are directed at the refusal of the Circuit Court to open the judgment, the contention being that the rule to show cause above referred to should have been made absolute instead of having been discharged. In the first place, this question is not before us for consideration. The appeal is from the judgment alone, and not from the rule dismissing the rule to show cause. In the second place, even if the appeal had been twofold, the refusal of the trial court to open the

judgment is not a subject for appeal. The matter is one resting in the sound discretion of that court. *Assets Development Co.* v. *Wall,* 97 *N. J. L.* 468.

The judgment under review will be affirmed.